[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband, 61, and the defendant wife, 61, were married on November 28, 1957. Their marriage has broken down irretrievably. The plaintiff moved from the family home in September 1991. There are three adult children of their marriage. The oldest is married. The middle child, Martin, 33, lives with the plaintiff. The youngest, JoAnn, 28, lives with the defendant.
The defendant has suffered at least six nervous breakdowns during the marriage with attendant hospital admissions, beginning in 1974 and a second episode in 1975. The defendant applied for a Social Security disability award but was refused. She is presently receiving $314 monthly City Welfare with food vouchers.
The plaintiff is 100% visually impaired at present. He worked for Scoville for 20 years until 1987 and then as a preparation cook until October, 1990. He was awarded Social Security disability and currently receives $166.98 weekly along with a pension of $38 weekly. The plaintiff presently resides in elderly housing which is rent subsidized.
The parties own a house located at 100 Oak Street, Waterbury which the parties value as having $60,000 fair market value. There remains about $1,100 on the mortgage on which the plaintiff has been paying $28.60 weekly, (cf. financial affidavit). The plaintiff has also been paying Mutual of Omaha for defendant's insurance which provides partial coverage for the defendant's medical expenses.
The plaintiff lists $4,000 in bills while the defendant lists $12,000 which includes a $9,000 disputed bill being claimed by St. Mary's Hospital.
The court has considered the evidence in light of the statutory criteria and enters the judgment as follows:
1. A decree is entered dissolving the marriage, all of the complaint's allegations having been proven.
2. The plaintiff's interest in the real estate is ordered to be subject to the defendant's continued occupancy whose possession of same is exclusive. If the defendant's residence is removed to another location for a period of more than six months, or permanently relocated either voluntarily or involuntarily, then the property shall be sold and the proceeds divided equally by the CT Page 4397 parties.
3. The defendant shall retain the contents of 100 Oak Street, as her sole property.
4. The plaintiff shall pay the defendant the sum of $50 weekly to enable her to maintain the Mutual of Omaha coverage if she chooses to do so. The payments, however, are unconditional.
5. The plaintiff shall name and maintain the defendant as primary beneficiary on his Scoville life insurance.
6. Since the defendant is disqualified from collecting on the plaintiff's Social Security account for two (2) years, being a year longer than her age qualification, the plaintiff is ordered to continue to pay the mortgage installments through May, 1995, if not sooner paid in full.
7. Each party will continue to be responsible for their respective bills, except that the plaintiff shall pay any delinquent auto taxes in the defendant's name.
Counsel for the plaintiff shall prepare the judgment file.
HARRIGAN, J.